UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-CR-89-HAB |
| | ) | |
| CHARLES SEALS | ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant Charles Seals' letter to the Court (ECF No. 182), which this Court construed liberally as a Motion for Compassionate Release pursuant to 3582(c)(1). (ECF No. 184). The Government responded on September 14, 2021, asserting that the Defendant failed to exhaust his administrative remedies. (ECF No. 187). Seals did not file a reply. Because the Government is correct that Seals failed to exhaust his administrative remedies, Defendant's motion will be DENIED.

For most of the life of the COVID-related compassionate release phenomenon, there was considerable confusion as to whether exhaustion of remedies was jurisdictional, a claims-processing rule, or wholly unnecessary. That confusion was resolved, at least in this circuit, by the Seventh Circuit's decision in *United States v. Sanford*, 986 F.3d 779 (7th Cir. 2021). There, the Court answered affirmatively the question of "whether the exhaustion requirement is a mandatory claim-processing rule and therefore *must* be enforced when properly invoked." *Id*. at 782 (original emphasis). Where, as here, the Government raises exhaustion as a defense (*see* ECF No. 115 at 6–9), a defendant must demonstrate that he has presented his request for release to the warden at his facility, and either: (1) he has exhausted administrative appeals (if the request was denied); or (2) he has waited "30 days from the receipt of such a request by the warden of the defendant's facility" to seek relief from the Court. 18 U.S.C. § 3582(c)(1)(A). Exhaustion is required each time a

defendant seeks compassionate release. *United States v. Cain*, 2021 WL 388436 at *4 (D. Maine Feb. 3, 2021) (collecting cases).

Here, Seals' initial letter to the Court did not assert that he had exhausted his administrative remedies and, since he failed to reply to the Government's response raising the issue, Seals has failed to demonstrate that he has done so. Accordingly, the Court cannot conclude from Defendant's filings that he has met the threshold exhaustion requirement.

Unless and until Defendant exhausts his remedies and demonstrates that exhaustion, the Court cannot consider the merits of his compassionate release request. Therefore, his Motion for Compassionate Release (ECF No. 182) is DENIED.

SO ORDERED on October 20, 2021.

    s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT