UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-CR-89-HAB |
| | ) | |
| CHARLES SEALS | ) | |

**OPINION AND ORDER**

Before the Court is Defendant Charles Seals' annual Motion for Compassionate Release filed on January 13, 2025. (ECF No. 213). His previous four motions (two in 2021, one in 2022, one in 2023) were denied because he failed to demonstrate that he had exhausted his administrative remedies. (ECF Nos. 188, 190, 192, 204). Now, another year has passed and he has filed a new request with the Court again seeking a sentence modification in the form of compassionate release and again failing to produce evidence that he exhausted his administrative remedies. (ECF No. 213). Seals has been advised repeatedly and in clear terms that "[u]nless and until Defendant exhausts his remedies and demonstrates that exhaustion, the Court cannot consider the merits of his compassionate release request." (ECF No. 188, 192). The passing of a year, an appeal to the Seventh Circuit Court of Appeals from the last denial, and the filing of a new request does not change that fact. Seals' Motion for Compassionate Release (ECF No. 213) is DENIED.

In his most recent request, Seals asserts that when he makes any attempt to file a request for compassionate release, officials at the BOP assault him and place him in the special housing unit (SHU). He believes that the officials want him to serve his full sentence and are purposely making it impossible to exhaust his administrative remedies. The Court construes this as an argument that Seals is exempt from the exhaustion requirement because of alleged futility in petitioning the Warden.

Section 3582(c)(1)(A) includes an administrative exhaustion provision, which states that a court may reduce a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement of § 3582(c)(1)(A) is a mandatory claim-processing rule that "must be enforced when properly invoked." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). The Seventh Circuit has held that "in order to properly exhaust, an inmate is required to present the same or similar ground[s] for compassionate release in a request to the Bureau as in a motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). A primary purpose of the exhaustion requirement is to provide notice to the Warden of the defendant's claims. *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) (evaluating an exhaustion defense in a § 1983 claim) ("Thus, once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement.").

In *United States v. Moore*, the defendant claimed that he should be exempt from the exhaustion requirement because the warden of his facility had never filed a compassionate release motion on behalf of any prisoner. 2022 WL 17982907, at *2 (7th Cir. Dec. 29, 2022). The Seventh Circuit disagreed stating that "[t]he compassionate-release statute does not excuse exhaustion even if a warden is 'unavailable' because the warden categorically refuses to move for any prisoner's compassionate release." *Id.* Moreover, the court stated that, when a prisoner encounters a recalcitrant warden, Congress has fashioned a specific mechanism for relief; "seek[ing] compassionate release themselves in federal court if a warden does not respond to their requests within 30 days." *Id.* The court held that a warden's recalcitrance does not relieve the defendant of

his exhaustion duty. *Id.* In this case, Seals' assertion is not just that the Warden is recalcitrant but that the Warden is punitive. According to Seals the Warden allows officers to assault him and place him in restrictive custody when he requests compassionate release. Whether such facts might support a futility exemption is an open question in this circuit, and one that need not be answered presently. For even if the Court granted a futility exemption under these facts, Seals has not otherwise asserted grounds for compassionate release.

 "A motion for compassionate release involves a two-step inquiry: one, did the prisoner present an extraordinary and compelling reason for release, and two, is release appropriate under § 3553(a)." *United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021) (citing *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021)); *see also* 18 U.S.C. § 3582(c)(1)(A). It is the Defendant's burden to establish the extraordinary and compelling reasons warranting a sentence reduction. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

While the statute does not define "extraordinary and compelling reasons," Congress tasked the United States Sentencing Commission with explaining these terms by promulgating general policy statements on the sentencing modification provisions in 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Under that authority, the Sentencing Commission issued a Policy Statement on § 3582(c)(1)(A), which provides six circumstances that may provide "extraordinary and compelling reasons" for a reduction in sentence. *See* U.S. Sentencing Guidelines Manual § 1B1.13. These six circumstances are:

- certain medical circumstances of the defendant, *id.* § 1B1.13(b)(1);
- the defendant's age, *id.* § 1B1.13(b)(2);
- the defendant's family circumstances, *id.* § 1B1.13(b)(3);
- the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction of, a correctional officer, *id.* § 1B1.13(b)(4);
- any other circumstances or combination of circumstances similar in gravity to the circumstances listed above, *id.* § 1B1.13(b)(5); and
- the defendant received an unusually long sentence, *id.* § 1B1.13(b)(6).

In his present filing, Seals appears to argue for compassionate release based only on § 1B1.13(b)(4). He references that being assaulted or sexually assaulted by a staff member "is a form of compassionate release." But that is all he says to support the substance of his motion. Even if the Court assumes Seals is claiming that while in custody he was a victim of sexual or physical abuse committed by or at the direction of a correctional officer, just this assertion alone is insufficient for release under (b)(4). To be eligible for compassionate release, barring the defendant being in imminent danger, this provision requires the misconduct to be established in one of a number of ways: conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceedings. There is no such showing made here.

Finally, Defendant references his status as a youthful offender as a basis for compassionate release. Although Defendant's youthful offender status does not independently establish an extraordinary and compelling reason, he argues that the Court should consider this fact when assessing his request for release. But the court was aware of these facts at the time of sentencing, so they cannot be considered extraordinary and compelling reasons for a reduced sentence. *See United States v. Hunter*, 12 F.4th 555, 570 (6th Cir. 2021) ("[F]acts that existed at sentencing cannot later be construed as 'extraordinary and compelling reasons' to reduce a final sentence.").

Seals' request for compassionate release (ECF No. 213) is DENIED.[1]

SO ORDERED on January 14, 2025.

   s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[1] Defendant makes other arguments that the Court does not understand. He makes mention of 18 U.S.C. §3582(c)(2), but this Court has previously denied his request for relief under Guideline Amendment 821, so no further action will be taken on that request.