UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-CR-89-HAB |
| | ) | |
| CHARLES SEALS | ) | |

**OPINION AND ORDER**

Before the Court is Defendant Charles Seals' sixth Motion for Compassionate Release. (ECF Nos. 218, 219). All his previous motions were denied because he failed to demonstrate that he had exhausted his administrative remedies. (ECF Nos. 188, 190, 192, 204, 214). Now, he has filed a new request with the Court again seeking a sentence modification in the form of compassionate release and again failing to produce evidence that he exhausted his administrative remedies. Seals has been advised repeatedly and in clear terms that "[u]nless and until Defendant exhausts his remedies and demonstrates that exhaustion, the Court cannot consider the merits of his compassionate release request." (ECF No. 188, 192, 214).

This time around, Seals made an attempt to exhaust his administrative remedies. (ECF No. 219-1). He filed a request with the Warden at the BOP facility in Hazelton, West Virginia. The problem, however, is that Seals is not currently housed at this BOP facility; he is located at a facility in Beaumont, Texas. Based on the plain language of the statute, Seals has not submitted a request to the warden *of his facility* and has therefore failed to exhaust his administrative remedies with the BOP. See *United States v. Ford*, 2021 WL 5980368, at *2 (N.D. Ind. Dec. 16, 2021) (unpublished) (observing that successive compassionate release motions require separate exhaustion, including to the warden of a new facility after a transfer). On this basis alone Seals' Motion for Compassionate Release (ECF No. 218) is DENIED.

One further word is necessary. To properly exhaust, the defendant must have "present[ed] the same or similar ground for compassionate release in a request to the Bureau as in [the] motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). The purpose of this requirement is to allow the Bureau of Prisons an opportunity to evaluate issues before they are brought to federal court. *Id*.

"A motion for compassionate release involves a two-step inquiry: one, did the prisoner present an extraordinary and compelling reason for release, and two, is release appropriate under § 3553(a)." *United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021) (citing *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021)); *see also* 18 U.S.C. § 3582(c)(1)(A). It is the Defendant's burden to establish the extraordinary and compelling reasons warranting a sentence reduction. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

While the statute does not define "extraordinary and compelling reasons," Congress tasked the United States Sentencing Commission with explaining these terms by promulgating general policy statements on the sentencing modification provisions in 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Under that authority, the Sentencing Commission issued a Policy Statement on § 3582(c)(1)(A), which provides six circumstances that may provide "extraordinary and compelling reasons" for a reduction in sentence. *See* U.S. Sentencing Guidelines Manual § 1B1.13. These six circumstances are:

- certain medical circumstances of the defendant, *id.* § 1B1.13(b)(1);
- the defendant's age, *id.* § 1B1.13(b)(2);
- the defendant's family circumstances, *id.* § 1B1.13(b)(3);
- the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, *id.* § 1B1.13(b)(4);
- any other circumstances or combination of circumstances similar in gravity to the circumstances listed above, *id.* § 1B1.13(b)(5); and
- the defendant received an unusually long sentence, *id.* § 1B1.13(b)(6).

In his present filing, Seals appears to argue for compassionate release based on § 1B1.13(b)(6). But that issue was not presented to any warden at any facility prior to his filing his most recent request in this Court. More importantly, however, even if this ground for relief was presented, the Seventh Circuit has foreclosed this avenue for compassionate relief in *United States v. Black*, 131 F.4th 542 (7th Cir. 2025) (a court may not consider a nonretroactive amendment, or a disparity resulting from the nonretroactivity, as an extraordinary and compelling reason allowing a sentence reduction, irrespective of U.S.S.G. § 1B1.13(b)(6)). Thus, to the extent Seals seeks compassionate release on this ground now, or in the future, the request will be DENIED.

SO ORDERED on September 30, 2025.

      s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT