**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-CR-89-HAB |
| | ) | |
| CHARLES SEALS | ) | |

**OPINION AND ORDER**

Defendant Charles Seals ("Seals") filed two letters with the Court. (ECF Nos. 225, 227). In the first letter (ECF No. 225), Seals references incident reports 4168505 and 4169109 and asks for compensation under the "statute that allows a federal prisoner to file a complaint against a Federal officer and requst [sic] compensation." The letter goes on to describe an incident that occurred in August 2025 in which Seals claims an officer physically assaulted him and denied him food and bathroom privileges for 24 hours.

In the second letter (ECF No. 227), Seals references "Amendment 828, 829, 821. Also a 3582(c)(1)(A) for being assaulted by staff an sexually assaulted by staff" [sic]. Attached to his letter are 10 pages of miscellaneous documents – some of which are printouts from LexisNexis and others appear to be emails from February 2026 sent to the Warden of one of the facilities that Seals has been housed in. The docket reflects a change in Seals' address from Beaumont USP to Atwater USP that was obtained from the envelope that contained his most recent letters.

As it relates to his first letter, Seals appears to be attempting to file something akin to an action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), based on allegations that his constitutional rights were violated while he was housed at the Bureau of Prisons. *Bivens* provides a judicially recognized damages remedy for constitutional violations committed by federal actors in highly limited circumstances. *Egbert v.*

*Boule*, 596 U.S. 482, 486 (2022); *Ziglar v. Abbasi*, 582 U.S. 120, 130-31 (2017). But, to the extent Seals is requesting to file a *Bivens* action or wants this Court to construe his letter to be such a complaint, it suffers from multiple procedural hurdles. First, a *Bivens* action is a civil action that must be filed independent from his criminal case and requires payment of the civil filing fee or a request to proceed *in forma pauperis*. Second, that action is subject to specific venue provisions. The applicable venue provision for Plaintiff's claims under *Bivens* is found at 28 U.S.C. § 1391(b). Under that provision, unless otherwise provided by law, a federal civil action must be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, it is unclear where Seals claims the events giving rise to his potential *Bivens* claim occurred,[1] but it is clear that they did not occur in this judicial district nor does Seals reside in this district. Accordingly, even if Seals filed a civil complaint, venue is not proper in this Court.

As for the second letter, the Court has reviewed the sentencing amendments listed and Seals does not qualify for relief under any of them. As for his mention of compassionate release, Seals has tried a half dozen times to present to the Court an exhausted request for compassionate release and has not done so. (ECF Nos. 188, 190, 192, 204, 214, 224). The Court reviewed the emails submitted and cannot determine whether this is a new attempt to seek compassionate release. Seals' letters suggest, among other reasons, that he may be seeking compassionate release

---

[1] Seals has been housed in at least three different BOP facilities that the Court is aware of and it is unclear whether he emailed the Warden of his current facility or another one.

based on being a victim of abuse while in custody. *See* U.S.S.G. §1B1.13(b)(4). While this could be an extraordinary and compelling reason supporting a request for compassionate release, his letter also contains random legal passages from Lexis/Nexis that may be his attempt to identify additional reasons for compassionate release. If Seals wishes to present a motion for compassionate release, he should file a formal motion that identifies the grounds and any facts supporting his request. The Court reminds Seals that exhaustion is required for each successive motion for compassionate release and he must identify all grounds upon which he seeks relief when presenting his request to the Warden.

For the reasons set out above, the Court denies any relief sought in the Defendant's letters (ECF Nos. 225, 227).

SO ORDERED on March 24, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT