**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:13-CR-89-HAB |
| | ) | |
| CHARLES SEALS | ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant Charles Seals' Motion for Compassionate Release pursuant to 3582(c)(1). (ECF No. 231). The Government responded asserting that the Defendant failed to exhaust his administrative remedies. (ECF No. 233). Seals replied (ECF No. 235). Because the Government is correct that Seals failed to exhaust his administrative remedies, Defendant's motion will be DENIED.

Seals is a frequent flyer when it comes to compassionate release motions, all of which have been denied because of Seals' failure to exhaust prior to filing a request for compassionate release. This time Seals argues for compassionate release premised on his continual assault by prison officials and his "unusually long sentence." To support his claims, he references incident reports he filed relating to various events at his place of confinement and argues that the incident reports constitute his attempts to exhaust his remedies for purposes of compassionate release. But the filing of an internal grievance is not the same as exhaustion for compassionate release. The filing of incident reports may notify prison officials about incidents occurring while an inmate is in their custody and, in turn, engage an administrative process for inmate grievances. But in the context of compassionate release, where the Government raises exhaustion as a defense, a defendant must demonstrate that he has presented the issues set forth related to his request for compassionate release to the warden at his facility, and either: (1) he has exhausted administrative appeals (if the

request was denied); or (2) he has waited "30 days from the receipt of such a request by the warden of the defendant's facility" to seek relief from the Court. 18 U.S.C. § 3582(c)(1)(A). Exhaustion is required each time a defendant seeks compassionate release. *United States v. Cain*, 2021 WL 388436 at *4 (D. Maine Feb. 3, 2021) (collecting cases).

Here, Seals' incident reports do not suffice to show that he has presented the issues in his compassionate release motion to the warden and that he has exhausted administrative remedies as contemplated by the compassionate release statute. Accordingly, the Court cannot conclude from Defendant's filings that he has met the threshold exhaustion requirement.

Unless and until Defendant exhausts his remedies and demonstrates that exhaustion, the Court cannot consider the merits of his compassionate release request. Therefore, his Motion for Compassionate Release (ECF No. 231) is DENIED.

SO ORDERED on September 1, 2026.

s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT